■ In the Matter of DONALD A. PIUS, Petitioner, v SUFFOLK COUNTY DEPARTMENT OF HEALTH SERVICES, Respondent. [604 NYS2d 584] —Proceeding pursuant to CPLR article 78 to review a determination of the Board of Review of the Suffolk County Department of Health Services, dated October 15, 1990, which, after a hearing, denied the petitioner's application for a variance from Suffolk County Sanitary Code § 605.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

The petitioner owns two undeveloped parcels of land, each approximately 10,000 square feet in area, which are adjacent to each other and located in Huntington Station, Suffolk County. In the County groundwater management zone where the petitioner's parcels are situated, the Suffolk County Sanitary Code mandates, *inter alia,* a minimum lot size of 20,000 square feet in cases where, as here, the installation of an individual sewage system is required as part of a proposed residential development project (see, Suffolk County Sanitary Code §§ 760, 605 [1] [c]; [2] [a]).

In this case, the petitioner sought a substantial variance from the minimum 20,000 square-foot lot size requirement, since he sought approval to construct four single-family residences with individual sewer systems on lots totaling only 5,000 square feet each in area. The Suffolk County Department of Health Services denied the application.

Contrary to the petitioner's contentions, there was substantial evidence in the record supporting the denial of the variance. The evidence adduced in connection with the petitioner's application established that the Suffolk County Department of Health Services rationally concluded that approval of the variance could increase sanitary waste in an environmentally sensitive, "deep recharge" area of the County, containing critical groundwater supply resources.

The Suffolk County Department of Health Services also properly considered the fact that, if a variance were granted, a number of property owners in the immediate area could similarly argue entitlement to the same type of subdivision variance requested by the petitioner. Under the circum-

stances, and considering that the requested variance would entail a 75% decrease in Code-mandated minimum area requirements, the determination under review was supported by substantial evidence in the record.

We have reviewed the petitioner's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Balletta and Santucci, JJ., concur.