■ In the Matter of KIERNI CONSTRUCTION CORP. et al., Respondents, v SUFFOLK COUNTY DEPARTMENT OF HEALTH SERVICES et al., Appellants. [607 NYS2d 53] —In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Department of Health Services, which, inter alia, denied the petitioners' application for a variance to permit it to develop a parcel of real property into two 9,000-square-foot lots, and an action for a judgment declaring the determination unconstitutional, the appeal is from so much of a judgment of the Supreme Court, Suffolk County (Fierro, J.), entered August 14, 1991, as granted the petition and annulled the determination.

Ordered that the judgment is reversed insofar as appealed from, the determination is reinstated and confirmed, and the proceeding is dismissed, with costs.

The petitioner Kierni Construction Corp. (hereinafter Kierni) is the owner of an approximately 18,000-square-foot parcel of real property located in a residential zoning area of the Town of Islip. The parcel is also located in an area designated Groundwater Management Zone I by the respondent Suffolk County Department of Health Services (hereinafter Department of Health Services). Pursuant to the Town of Islip zoning ordinance, the minimum lot size for single-family residential development is 7,500 square feet. In contrast, pursuant to Suffolk County Code, article 6, § 760-605 (1) (c)

and (2) (a), the minimum lot size in a residential development located in Groundwater Management Zone I wherein individual sewerage systems are proposed to be used is 20,000-square-feet. Because Kierni's parcel had been held in single and separate ownership from before the adoption of Suffolk County Code article 6 in 1981, its application for a variance permitting it to construct a single-family residence employing an individual sewerage system on the 18,000-square-foot parcel was granted in August of 1987. Thereafter, and without first obtaining approval from the Department of Health Services as required by Suffolk County Code, article 6, § 760-602 (1) (b) for the proposed additional residence employing an individual sewerage system, Kierni began to divide the parcel into two smaller lots of approximately equal size, of approximately 9,000-square-feet each pursuant to the Town of Islip zoning ordinance, one of which would be already improved with the house constructed pursuant to the previously granted variance from the Department of Health Services. Kierni again applied to the Department of Health Services Board of Review for another variance from the 20,000-square-foot minimum lot size, this time for the unimproved half of the 18,000-square-foot parcel. After further proceedings not relevant to this appeal, a hearing was held on Kierni's application. The Board of Review subsequently denied the application, concluding that "[i]f granted the variance would allow for other similar developments in the area and the cumulative impact would have an adverse effect on the groundwaters in the area".

The trial court's annulment of the determination on the ground that Kierni's parcel did not constitute a "realty subdivision" within the meaning of Suffolk County Code article 6 was improper. The parcel clearly meets the definition of a "development" within the meaning of article 6, and both subdivisions and developments are subject to the 20,000-square-foot minimum lot size as required under Suffolk County Code, article 6, § 760-605. In addition, as this Court implicitly held in *Matter of Pius v Suffolk County Dept. of Health Servs.* (199 AD2d 271), the fact that a municipal zoning ordinance sets forth a minimum residential lot size significantly smaller than that required under the Suffolk County Sanitary Code will not serve to render the latter inapplicable.

Kierni's argument that the denial of its application constituted an unconstitutional taking is without merit. The 18,000-square-foot parcel has already been improved with a single-family residence, and no showing has been made that the

denial of a variance to construct a second house on the parcel has destroyed its economic value or prevented the plaintiff [petitioner] from realizing a reasonable return on its investment *(see, de St. Aubin v Flacke,* 68 NY2d 66, 76-77). Restrictions reasonably related to the public health are not confiscatory, even though they may diminish the value of private property.

We have examined Kierni's remaining contentions and find them to be without merit. Mangano, P. J., O'Brien, Pizzuto and Santucci, JJ., concur.