■ In the Matter of JOSEPH J. BIVONA et al., Petitioners, v SUFFOLK COUNTY DEPARTMENT OF HEALTH SERVICES et al., Respondents. [619 NYS2d 67] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent Suffolk County Department of Health Services Board of Review, dated December 9, 1992, which, after a hearing, denied the petitioners' application for variances from certain provisions of the Suffolk County Sanitary Code.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, with costs.

The petitioners own a parcel of land on Fire Island in Suffolk County, approximately 27,500 square feet in area, containing a single-family house. They proposed to divide the property into three subdivisions: one subdivision of 9,960 square feet containing the existing residence, and two subdivisions of 9,163 square feet, on each of which a new house would be built. The three parcels were to be served by three individual sewage disposal systems beneath the proposed houses and by one artesian well to be shared between the petitioners'

three lots and one other adjacent lot. The petitioners also offered to pay for two additional artesian wells for neighboring properties.

The Suffolk County Sanitary Code provides, *inter alia,* that individual sewerage systems may be approved by the Suffolk County Department of Health Services (hereinafter the Department) if all parcels of the realty subdivision or development consist of an area of at least 20,000 square feet *(see,* Suffolk County Sanitary Code § 760-605 [B] [1]). The Sanitary Code further provides that individual water supply systems may be approved by the Department if all parcels in the realty subdivision or development consist of an area of at least 40,000 square feet *(see,* Suffolk County Sanitary Code § 760-606 [C] [1]).

The petitioners sought substantial variances from the minimum 40,000-square-foot requirement for individual water supply systems and from the minimum 20,000-square-foot requirement for individual sewerage systems. The Department denied the application for a three-lot subdivision, but conditionally approved a two-lot subdivision.

Contrary to the petitioners' contention, there was substantial evidence in the record to support the respondents' determination. Although the evidence adduced by the petitioners established that nearby groundwater and surface water would only be minimally impacted, the Department rationally concluded that "the cumulative effects of the development of all similarly sized parcels would reasonably be expected to impact the quality of the shallow groundwater table and adjacent surface waters" and that other similarly-situated property owners would request entitlement to the same type of variance *(see, Matter of Pius v Suffolk County Dept. of Health Servs.,* 199 AD2d 271). The respondents also properly considered the fact that the requested variance would entail an approximately 75% decrease in the minimum-area requirement for individual water supplies and an approximately 50% decrease in the minimum-area requirement for individual sewage disposal systems.

We have considered the petitioners' remaining contentions and find them to be without merit. Balletta, J. P., Pizzuto, Altman and Hart, JJ., concur.