■ In the Matter of TIMBER POINT HOMES, INC., Petitioner, v COUNTY OF SUFFOLK et al., Respondents. [619 NYS2d 313] — Proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Board of Review of the Suffolk County Department of Health Services, dated September 30, 1991, which, after a hearing, denied the petitioner's application for a variance from Suffolk County Sanitary Code § 760-605.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

The petitioner owns two undeveloped parcels of land in Deer Park, Suffolk County, each approximately 10,000 square feet in area, which were created by subdividing a single parcel of 20,000 square feet purchased in 1985 from a third party. In the County groundwater management zone in which the petitioner's parcels are situated, the Suffolk County Sanitary Code mandates, inter alia, a minimum lot size of 20,000 square feet in cases where, as here, the installation of an individual sewage system is required as part of a proposed residential development project (see, Suffolk County Sanitary Code § 760-605 [A] [3]; [B] [1]).

Here, the petitioner sought a substantial variance from the minimum 20,000 square-foot lot size requirement, since it sought approval to construct two single-family residences with individual sewage systems on lots totalling only 10,000 square

feet each in area. The Board of Review of the Suffolk County Department of Health Services (hereinafter the Department) denied the application.

Contrary to the petitioner's contentions, there was substantial evidence in the record supporting the denial of the variance. The evidence adduced in connection with the petitioner's application established that the Department rationally concluded that approval of the variance could increase sanitary waste in an environmentally sensitive deep recharge area of the County, containing critical groundwater supply resources.

The Department also properly considered the fact that, if a variance were granted, a number of property owners in the immediate area could argue that they were entitled to the same type of subdivision variance requested by the petitioner. Under the circumstances and considering that the requested variance would entail a 50% decrease in the minimum area requirements mandated by the Suffolk County Sanitary Code, the determination under review was supported by substantial evidence in the record (see, Matter of Pius v Suffolk County Dept. of Health Servs., 199 AD2d 271).

We have reviewed the petitioner's remaining contentions and find them to be without merit. Miller, J. P., O'Brien, Joy and Krausman, JJ., concur.