■ In the Matter of DONALD KIRBY, Petitioner, v COUNTY OF SUFFOLK et al., Respondents. [760 NYS2d 236] —Proceeding pursuant to CPLR article 78 to review a determination of the Board of Review of the Suffolk County Department of Health Services dated July 20, 2001, which, after a hearing, denied the petitioner's application for a variance from Suffolk County Sanitary Code § 760-605.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

The petitioner owns a parcel of land in Northport, Suffolk County, measuring approximately 15,679 square feet. The petitioner sought to subdivide it into two lots measuring approximately 6,348 square feet and 9,331 square feet, respectively. In the Suffolk County groundwater management zone where the petitioner's parcels are situated, the Suffolk County Sanitary Code (hereinafter the Code) mandates, inter alia, a minimum lot size of 20,000 square feet in cases where, as here, the installation of an individual sewage system is required as part of a proposed residential development project (*see* Suffolk County Sanitary Code § 760-605 [A] [3]; [B] [1]).

The petitioner sought a substantial variance from the minimum 20,000 square feet lot size requirement, since he sought subdivision approval to construct a single-family residence with an individual sewer system on one lot totaling only 6,348 square feet in area. The Suffolk County Department of Health Services (hereinafter the SCDHS) denied the application.

Contrary to the petitioner's contentions, there was substantial evidence in the record supporting the denial of the variance. The evidence adduced in connection with the

petitioner's application established that the SCDHS rationally concluded that approval of the variance could increase sanitary waste in an environmentally sensitive, "deep recharge" area of the County, containing critical groundwater supply resources (*see generally Matter of Timber Point Homes v County of Suffolk,* 209 AD2d 625 [1994]; *Matter of Pius v Suffolk County Dept. of Health Servs.,* 199 AD2d 271 [1993]).

The SCDHS also properly considered that, if a variance were granted, a number of property owners in the immediate area could similarly argue entitlement to the same type of subdivision variance requested by the petitioner (*see generally Matter of Timber Point Homes v County of Suffolk, supra; Matter of Pius v Suffolk County Dept. of Health Servs., supra*). Under the circumstances, including that the requested variance would entail a 60% decrease in Code-mandated minimum area requirements, the determination under review was supported by substantial evidence in the record.

The petitioner's remaining contentions are without merit. Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.